UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09989-JLS-MAA                                Date: October 31, 2025
Title: Wireless Vision, LLC v. Moorpark Center LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Kelly Davis | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:      ATTORNEYS PRESENT FOR DEFENDANT:

Not Present                                                            Not Present

**PROCEEDINGS:  (IN CHAMBERS) ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE REMANDED TO STATE COURT**

Plaintiff Wireless Vision, LLC filed this action on October 17, 2025, bringing one claim against Defendant Moorpark Center, LLC, seeking declaratory judgment regarding Plaintiff's request to change the signage of its retail outlet under the terms of its lease with Defendant.  (*See* Compl., Doc 1.)

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  As the party invoking federal jurisdiction, Plaintiff has the burden of establishing that this case lies within the Court's limited jurisdiction.  *See id*.  Plaintiff states that "[t]he Court has jurisdiction over this action under 28 United States Code § 1332(a), because Plaintiff and all Defendants are citizens of different states, and the matter in controversy, exclusive of interests and costs, exceed Seventy-Five Thousand Dollars ($75,000).  The Court further has jurisdiction under 28 U.S.C. § 2201."  (Compl. ¶ 4.)

Subject matter jurisdiction may be established by the presence of an action arising under federal law.  *See* 28 U.S.C. § 1331.  Plaintiff appears to assert that action "arises under" the Declaratory Judgment Act.  (Compl. ¶ 4.)  However, the Declaratory Judgment Act does not provide an independent basis for federal subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-09989-JLS-MAA                                                  Date: October 31, 2025
Title: Wireless Vision, LLC v. Moorpark Center LLC et al

jurisdiction.  *Skelly Oil Co. v. Phillips Petroleum Co.*, 229 U.S. 667, 671 (1950); *Cal. Shock Trauma Air Rescue v. State Comp. Ins. Fund*, 636 F.3d 538, 543 (9th Cir. 2011) ("[T]he operation of the Declaratory Judgment Act is procedural only and does not confer arising under jurisdiction.") (alteration in original) (internal citation and quotation marks omitted).  Because Plaintiff seeks "a judicial declaration of the parties' rights and obligations under the Lease," it does not appear on the face of the complaint that any claim "arises under" federal law, as is required to establish federal question jurisdiction.

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  "[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Here, Plaintiff alleges that it is a Michigan Limited Liability Company with its principal place of business in Michigan, and that Defendant is a California Limited Liability Company with its principal place of business in California. (Compl. ¶¶ 2–3.)  However, Plaintiff fails to allege information about the parties' members or owners, which is necessary to determine the parties' citizenship.  (*Id.*) Plaintiff's assertion of citizenship is therefore insufficient to establish diversity jurisdiction.

Accordingly, Plaintiff is ORDERED to show cause, in writing, **within five (5) days of the date of this Order**, why the Court should not dismiss this action for lack of subject matter jurisdiction.  Failure to timely respond will result in the immediate dismissal of the case.

Initials of preparer: kd